UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JOSE GALINDO GONZALEZ
and other similarly-situated individuals,

Plaintiff,

v.

SHERMAN DEVELOPMENT COMPANY, LLC
d/b/a TROPICANA FLEA MARKET,
CLA SECURITY SERVICES, INC.
and LILLIAN V. VAZQUEZ, individually.

Defendants.
_____________________________________________/

# COMPLAINT

(OPT-IN PURSUANT TO 29 U.S.C § 216(B))

COMES NOW the Plaintiff JOSE GALINDO GONZALEZ, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendants SHERMAN DEVELOPMENT COMPANY, LLC d/b/a TROPICANA FLEA MARKET, and LILLIAN V. VAZQUEZ individually and alleges:

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 201-219, § 216(b), the Fair Labor Standards Act, "the Act", (Section 216 for jurisdictional placement), and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§1332 and 1367.

2. Plaintiff JOSE GALINDO GONZALEZ (hereinafter JOSE GALINDO) is a resident of Miami, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.
3. Defendants SHERMAN DEVELOPMENT COMPANY, LLC d/b/a TROPICANA FLEA MARKET (hereinafter TROPICANA FLEA MARKET) and CLA SECURITY SERVICES, INC. (hereinafter CLA SECURITY) are Florida corporations which have their place of business within the jurisdiction of this Court. At all times material hereto Defendants were and are engaged in interstate commerce.
4. Defendants TROPICANA FLEA MARKET and CLA SECURITY are a joint enterprise as defined in 29 CFR 791.2.
5. The individual Defendant LILLIAN V. VAZQUEZ was/is now, property manager of Defendant Corporation TROPICANA FLEA MARKET. This individual Defendant is also director of CLA SECURITY.
6. All the action raised in this complaint took place in Dade County Florida, within the jurisdiction of this Court.

ALLEGATIONS COMMON TO ALL COUNTS

7. This cause of action is brought by Plaintiff as a collective action to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after July 01, 2012 (the

"material time") without being compensated minimum and overtime wages pursuant to the FLSA.

8. Plaintiff JOSE GALINDO and all others similarly situated individuals were victims of Defendants' common policy and practices which enabled them to violate the minimum wage and overtime provisions of the Fair Labor Standards Act.

9. Corporate Defendant TROPICANA FLEA MARKET is a flea market that has more than 200 booths. TROPICANA FLEA MARKET rent those booths to many vendors and merchants that sell a great variety of producer and consumer goods. TROPICANA FLEA MARKET provides also security services to its tenants/merchants. TROPICANA FLEA MARKET provides the vehicles and equipment for the security employees. Individual Defendant LILLIAN V. VAZQUEZ is the property manager for TROPICANA FLEA MARKET.

10. Corporate Defendant CLA SECURITY pays the salary of security employees that provide security services at TROPICANA FLEA MARKET. Individual Defendant LILLIAN V. VAZQUEZ is the director or owner of CLA SECURITY and she is also in direct control of the security operations at TROPICANA FLEA MARKET. **See composite Exhibit "A"**.

11. TROPICANA FLEA MARKET and CLA SECURITY are under common control, they performed related activities, through a unified operation, and for a common business purpose.

12. Corporate Defendants are a joint-enterprise corporation who act directly or indirectly in the interests of one another.

13. Corporate Defendants' business practices are not completely disassociated with respect to the employment of their employees. Defendants share control of their employees.

14. Because the work performed by Plaintiff and other similarly-situated individuals, simultaneously benefited all Defendants and directly or indirectly furthered their joint interest, Defendants are the joint employers of Plaintiff and other similarly situated employees under the FLSA' broad definition of "employer", (29 U.S.C. §203 (d)).

15. Pursuant to 29 CFR 791.2 Defendants TROPICANA FLEA MARKET and CLA SECURITY (hereinafter Defendants) are joint employers with respect to their employment of Plaintiff, and others similarly situated, and are jointly liable for Plaintiff's damages.

16. Defendants employed Plaintiff JOSE GALINDO as an hourly employee, from approximately July 01, 2012 through August 25, 2013, or 60 weeks. Plaintiff was paid an average of $10.00 an hour.

17. At all times hereto, Plaintiff was employed by Defendants as a security employee, performing general non-exempt work.

18. During his employment period with Defendants, Plaintiff worked an average of Eighty Six (86) hours per week. However Plaintiff was paid for just 40 weekly. He was not paid for overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of FLSA provisions.

19. Plaintiff had a regular schedule from 6:00 PM to 6:00 AM on Monday, Tuesday and Wednesday, or 12 hours daily; usually on Thursday Plaintiff worked from 6:00 PM to 8:00 AM, or 14 hours; On Saturday and Sunday, Plaintiff worked from 2:00 PM to 8 AM., or 18 hour per day.

20. Defendants did not have any time-keeping method. Plaintiff and other similarly situated employees were paid with checks that were not accompanied by any paystubs or records providing information regarding any accounting of hours worked, classification of the employee's labor, or withholdings of employment taxes.

21. Plaintiff complained many times about the about his missing hours in every paycheck, but he always received the same answer from Property Manager LILLIAN V. VAZQUEZ: "I just follow orders from the owners of the Flea Market", "I have to talk to David Haim and Jacky Elani." Plaintiff complained for the last time on or about August 19, 2013.

22. On or about August 25, 2013, Plaintiff was fired. Plaintiff alleges that he was fired in retaliation for his constant complains about missing payment for overtime hours.

23. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid minimum wages and overtime at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS**

24. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 above as if set out in full herein.

25. This cause of action is brought by Plaintiff JOSE GALINDO as a collective action to recover from Defendants overtime compensation, liquidated damages, costs and reasonably attorney's fees under the provisions of the Fair Labor Standards Act, as

amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after July 01, 2012, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

26. Pursuant to 29 CFR 791.2 Defendants TROPICANA FLEA MARKET, and CLA SECURITY (collectively Defendants), are joint employers with respect to their employment of Plaintiff, and others similarly situated, and are jointly liable for Plaintiff's damages.

27. Defendants were and are engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendants operate a Flea Market which provided services to businesses engaged in interstate commerce. Defendants themselves are engaged in interstate commerce by promoting their business using the instrumentalities of interstate commerce. Defendants have more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employers/Defendants was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendants' business activities involve those to which the Fair Labor Standards Act applies. Therefore there is FLSA enterprise coverage.

28. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Plaintiff and those similarly-situated through their daily activities were

regularly engaged in interstate commerce as security guards providing support and protection to firms and individuals engaged in commerce or in the production of goods for commerce. Therefore, there is FLSA individual coverage.

29. Defendants employed plaintiff JOSE GALINDO as a non-exempt hourly security employee from approximately July 01, 2012 through August 25, 2013, or 60 weeks. Plaintiff's hourly rate was an average of $10.00 an hour.

30. During his time of employment with Defendants, Plaintiff and those similarly-situated, regularly worked an average of more than 40 hours weekly without being compensated at the rate of time and one half of his regular rate of pay for every hour in excess of forty.

31. Particularly, Plaintiff JOSE GALINDO worked an average of 86 hours in six days every week. However, Plaintiff and those similarly situated were paid for just 40 hours. Plaintiff and those similarly-situated were not paid for all overtime hours worked in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

32. Plaintiff and other similarly situated employees were paid with checks. The checks were not accompanied by any paystubs or records providing information regarding any accounting of hours worked or classification of the employee's labor withholdings of employment taxes.

33. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain time records of hours worked by Plaintiff and other employees.

34. Defendants violated the record keeping requirements of FLSA, 29 CFR Part 516.

35. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid off the clock overtime wages is as follows:

    a. Total amount of alleged half-time unpaid O/T wages:

       Thirty Two Thousand Four Hundred Dollars and 00/100 ($32,400.00)

    b. Calculation of such wages:
       Total weeks of employment: 60 weeks
       Relevant weeks of employment: 60 weeks
       Total number of hours worked: 86 hours weekly
       Total number or paid hours: 40 hours
       Total number of unpaid overtime hours: 36
       Regular rate: $10.00 an hour x 1.5 = $15.00 O/T rate

       $15.00 O/T rate x 36 hrs. = $540.00 wkly. x 60 weeks = $32,400.00

    c. Nature of wages (e.g. overtime or straight time):

       This amount represents unpaid overtime wages.

36. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

37. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

38. At the times mentioned individual Defendant LILLIAN V. VAZQUEZ was the Property Manager of TROPICANA FLEA MARKET and the director/owner of CLA SECURITY. Defendant LILLIAN V. VAZQUEZ was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the “Fair Labor Standards Act” [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of corporate Defendants in relation to the employees of Defendants, including Plaintiff and others similarly situated. Defendant LILLIAN V. VAZQUEZ had operational control of both corporations, provided Plaintiff and other similarly situated employees with their work schedule, and is jointly liable for Plaintiff’s damages.
39. Defendants TROPICANA FLEA MARKET, CLA SECURITY, and LILLIAN V. VAZQUEZ willfully and intentionally refused to pay Plaintiff overtime wages and minimum wages as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff’s employment with Defendants as set forth above.
40. Plaintiff seeks to recover his unpaid overtime wages accumulated during his time of employment with Defendants as allowable by law.
41. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys’ fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff JOSE GALINDO and other similarly-situated individuals and against the Defendants TROPICANA FLEA MARKET, CLA SECURITY, and

LILLIAN V. VAZQUEZ on the basis of Defendants willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff JOSE GALINDO actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff and those similarly-situated demand trial by jury of all issues triable as of right by jury.

**COUNT II:**
**F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION:**
**FAILURE TO PAY MINIMUM WAGE**

42. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 of this complaint as if set out in full herein.

43. Pursuant to 29 CFR 791.2 Defendants TROPICANA FLEA MARKET and CLA SECURITY (collectively Defendants), are joint employers with respect to their employment of Plaintiff, and others similarly situated, and are jointly liable for Plaintiff's damages.

44. Defendants TROPICANA FLEA MARKET and CLA SECURITY, were and are engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendants operate a Flea Market that have more than two employees recurrently engaged in commerce or in the production of goods for commerce

by providing services to business and individuals engaged in interstate commerce and by regularly and recurrently using the instrumentalities of interstate commerce to promote their business, to solicit and accept funds from non-Florida sources, and by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employers/Defendants was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendants' business activities involve those to which the Fair Labor Standards Act applies. Therefore there is enterprise coverage.

45. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Plaintiff and those similarly-situated through their daily activities regularly were engaged in interstate commerce as security guards providing support and protection to firms and individuals engaged in commerce or in the production of goods for commerce. Therefore, there is FLSA individual coverage.

46. This action is brought by Plaintiff JOSE GALINDO and those similarly-situated to recover from the Employer unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206. U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day.

47. Defendants employed plaintiff JOSE GALINDO as a non-exempt hourly security employee from approximately July 01, 2012 through August 25, 2013, or 60 weeks.

48. During Plaintiff JOSE GALINDO'S relevant employment period, he was paid $10.00 an hour; Plaintiff worked an average of 86 hours weekly. However, he was paid for only 40 hours. Plaintiff was not paid minimum wages for every hour that he worked in excess of 40. There are a substantial number of hours that were not paid at the minimum wage as established by law.

49. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class, since management did not keep any time-keeping method.

50. Defendants violated the record keeping requirements of FLSA, 29 CFR Part 516.

51. As a direct result of this practice, Plaintiff and many employees similarly situated were not even paid the minimum wages for every hour worked, as established by law.

52. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

    a. <u>Total amount of alleged half-time unpaid O/T wages</u>:

    Fifteen Thousand Six Hundred Sixty Dollars and 00/100 ($15,660.00)

b. Calculation of such wages:
Total weeks of employment: 60 weeks
Relevant weeks of employment: 60 weeks
Total number of hours worked: 86 hours weekly
Total number or paid hours: 40 hours
Total number of unpaid hours: 36

Federal Minimum Wage 2012/2013: $7.25

$7.25 Min. wage rate x 36 unpaid hrs.= $261 wkly. x 60 weeks = $15,660.00

c. Nature of wages (e.g. overtime or straight time):

This amount represents unpaid Federal minimum wages.

53. Plaintiff was not paid for a substantial number of hours during the relevant period. Therefore, Defendants unlawfully failed to pay minimum wages to Plaintiff.

54. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these minimum wages since the commencement of Plaintiff and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

55. At the times mentioned individual Defendant LILLIAN V. VAZQUEZ was the Property Manager of TROPICANA FLEA MARKET and the director/owner of CLA SECURITY. Defendant LILLIAN V. VAZQUEZ was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of corporate Defendants in relation to the employees of Defendants, including Plaintiff and others similarly situated. Defendant LILLIAN V. VAZQUEZ had operational control of both

corporations, provided Plaintiff and other similarly situated employees with their work schedule, and is jointly liable for Plaintiff's damages.

56. Defendants TROPICANA FLEA MARKET, CLA SECURITY, and LILLIAN V. VAZQUEZ willfully and intentionally refused to pay Plaintiff JOSE GALINDO and all other similarly situated employees, minimum wages as required by the law of the United States and remain owing Plaintiff and those similarly situated these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above.

57. Plaintiff and other similarly situated employees seek to recover for minimum wage violations accumulated for the relevant time of employment and/or from 3 (three) years from the date of the filing of this complaint.

58. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff JOSE GALINDO and those similarly-situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff JOSE GALINDO and other similarly-situated and against the Defendants TROPICANA FLEA MARKET, CLA SECURITY, and LILLIAN V. VAZQUEZ on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff JOSE GALINDO actual damages in the amount shown to be due for unpaid minimum wages for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

**COUNT III:**
**FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3)**
**RETALIATORY DISCHARGE**

59. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 of this complaint as if set out in full herein.

60. This action arises under the laws of the United States.

61. 29 U.S.C. § 206 (a) (1) states "...an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)].

62. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…"

63. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

64. Defendants' business activities involve those to which the Fair Labor Standards Act applies. The Defendants TROPICANA FLEA MARKET and CLA SECURITY operate a Flea market and through their business activities, they provide services to individuals and businesses affecting interstate commerce and they also were engaged in interstate commerce directly. Upon information and belief, the annual gross revenue of the Employers/Defendants was at all times material hereto in excess of $500,000 per annum.

By reason of the foregoing, Defendants' business activities involve those to which the Fair Labor Standards Act applies. Therefore there is enterprise coverage.

65. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Plaintiff and those similarly-situated through their daily activities regularly were engaged in interstate commerce as security guards providing support and protection to firms and individuals engaged in commerce or in the production of goods for commerce. Therefore, there is FLSA individual coverage.

66. Defendants employed plaintiff JOSE GALINDO as a non-exempt hourly security employee from approximately July 01, 2012 through August 25, 2013, or 60 weeks.

67. During his time of employment with Defendants Plaintiff worked an average of 86 hours per week, but he was paid for just 40 hours. He was not paid overtime hours at the rate of one time and a half his regular rate.

68. Plaintiff complained about missing overtime hours to Property manager LILLIAN V. VAZQUEZ multiple times upon receiving every check, but he always received the same answer: "I just follow orders from the owners of the Flea Market", "I have to talk to David Haim and Jacky Elani." Plaintiff complained for the last time on or about August 19, 2013.

69. These complaints constituted protected activity under the Fair Labor Standards Act.

70. As a result of these protected activities, on or about August 25, 2013, Plaintiff was fired. Property manager LILLIAN V. VAZQUEZ terminated Plaintiff's employment using a pre-textual reason Plaintiff alleges that he was fired in retaliation for his constant complains about missing payment for overtime hours.

71. At all time during his employment with Defendants, Plaintiff performed his duties satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendants.

72. The Defendants' retaliatory termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

73. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff JOSE GALINDO respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants TROPICANA FLEA MARKET, CLA SECURITY, and LILLIAN V. VAZQUEZ that Plaintiff JOSE GALINDO recovers compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants TROPICANA FLEA MARKET, CLA SECURITY, and LILLIAN V. VAZQUEZ to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff JOSE GALINDO further prays for such additional relief as the interests of justice may require.

JURY DEMAND

Plaintiff JOSE GALINDO demands trial by jury of all issues triable as of right by jury.

**COUNT IV:**
**STATUTORY VIOLATIONS OF FLORIDA'S MINIMUM WAGE ACT**

74. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 of this complaint as is set out in full herein.

75. This action is brought by Plaintiff JOSE GALINDO to recover from the Employers TROPICANA FLEA MARKET and CLA SECURITY, unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of Title XXXI, Chapter 448.110 (Florida Minimum Wage Act) and Fla. Const. art X section 24.

76. The Florida Minimum Wage Act states "… employers shall pay employees a minimum wage at an hourly rate of $7.25 for all hours worked in Florida. Title XXXI, Chapter 448.110.

77. Pursuant to 29 CFR 791.2 Defendants TROPICANA FLEA MARKET and CLA SECURITY (collectively Defendants), are joint employers with respect to their employment of Plaintiff, and others similarly situated, and are jointly liable for Plaintiff's damages.

78. Defendants employed plaintiff JOSE GALINDO as security employee from approximately July 01, 2012 through August 25, 2013, or 60 weeks. Plaintiff was paid $10.00 an hour.

79. During his employment with Defendants, Plaintiff worked an average of 86 hours per week. However, he was compensated for only 40 hours. Plaintiff was not paid for all

the hours that he worked in a week even at the minimum wage rate as mandated by the Florida Minimum Wage Act.

80. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees, since they did not keep any time-keeping method. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

a. Total amount of alleged unpaid wages:

Sixteen Thousand Four Hundred Thirty Three Dollars and 52/100 ($16,433.52)

b. Calculation of such wages:
Total weeks of employment: 60 weeks
Relevant weeks of employment: 60 weeks
Total number of hours worked: 86 hours weekly
Total number or paid hours: 40 hours
Total number of unpaid hours: 36

i. Period from July 01, 2012 to December 31 2012 = 26 weeks
Federal Minimum Wage 2012: $7.67

$7.67 Min. Wage x 36 hours = 276.12 x 26 weeks = $7,179.00

ii. Period from January 01, 2013 to August 25, 2013 = 33 weeks
Federal Minimum Wage 2012: $7.79

$7.79 Min. Wage x 36 hours = 280.44 x 33 weeks = $9,254.52

Total Florida Minimum Wages: $16,433.52

c. Nature of wages:

This amount represents unpaid Florida Minimum Wages.

81. Defendants TROPICANA FLEA MARKET and CLA SECURITY knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Florida Minimum Wage Act and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above.

82. At the times mentioned, Defendant LILLIAN V. VAZQUEZ was and is now, the Property manager of TROPICANA FLEA MARKET and director/owner of Defendant corporation CLA SECURITY. According to Section 24, Art. X of the Florida State Constitution, the terms "Employer," "Employee" and "Wage" shall have the meanings established under the Federal Fair Labor Standards Act (FLSA) and its implementing regulations. Therefore, Defendant LILLIAN V. VAZQUEZ was the employer of Plaintiff within the meaning of the Florida Minimum Wage act pursuant to Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendants employers. Defendant LILLIAN V. VAZQUEZ had operational control of the businesses, provided Plaintiff with his work schedule, and is jointly liable for Plaintiff's damages.

83. Defendants TROPICANA FLEA MARKET, CLA SECURITY, and LILLIAN V. VAZQUEZ willfully and intentionally refused to pay Plaintiff minimum wages as required by the laws of Florida as set forth above and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above.

84. Plaintiff seeks to recover for unpaid minimum wages accumulated for the time allowable by law.

85. Pursuant to Fla. Stat. 448.110, Plaintiff JOSE GALINDO has tried to provide Defendants with notice of Plaintiff's minimum wage claims (i.e. the minimum wage to which Plaintiff claims entitlement, work dates for which payment is sought, and the approximate amount of alleged unpaid wages). See attached **Exhibit "B".**

86. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff JOSE GALINDO respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Defendants TROPICANA FLEA MARKET, CLA SECURITY, and LILLIAN V. VAZQUEZ on the basis of Defendant's willful violations of the Florida Minimum Wage Act; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff JOSE GALINDO demands trial by jury of all issues triable as of right by jury.

**COUNT V:**
**STATUTORY VIOLATIONS OF FLORIDA'S MINIMUM WAGE ACT: RETALIATORY DISCHARGE**

87. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 and 74-86 of this complaint as if set out in full herein.

88. This action is brought by Plaintiff JOSE GALINDO for the retaliatory discharge of Plaintiff, in violation of the provisions of the Florida Minimum Wage Act, Title XXXI, Chapter 448.109 (3)(a) and Article X, Section 24 (d) of the Florida Constitution.

89. The Florida Minimum Wage Act states "… employers shall pay employees a minimum wage at an hourly rate of $7.25 for all hours worked in Florida. Title XXXI, Chapter 448.110.

90. The Florida Minimum Wage Act, Florida Title XXXI, Chapter 448.109 (3)(a), establishes in pertinent part:

> "An employer may not retaliate against an employee for exercising his or her right to receive the minimum wage. Rights protected by the State Constitution include the right to:...."

91. Defendants employed plaintiff JOSE GALINDO as security employee from approximately July 01, 2012 through August 25, 2013, or 60 weeks. Plaintiff was paid $10.00 an hour.

92. During his employment with Defendants, Plaintiff worked an average of 86 hours per week. However, he was compensated for only 40 hours. Plaintiff was not paid for all the hours that he worked in a week even at the minimum wage rate as mandated by the Florida Minimum Wage Act.

93. Plaintiff complained about missing overtime hours to Property manager LILLIAN V. VAZQUEZ multiple times upon receiving every check, but he always received the same answer: "I just follow orders from the owners of the Flea Market", "I have to talk to David Haim and Jacky Elani." Plaintiff complained for the last time on or about August 19, 2013.

94. These complaints constituted protected activity under the Florida Minimum Wage Act.

95. As a result of these protected activities, on or about August 25, 2013, Plaintiff was fired. Property manager LILLIAN V. VAZQUEZ terminated Plaintiff's employment using a pre-textual reason Plaintiff alleges that he was fired in retaliation for his constant complains about missing payment for overtime hours.

96. At all time during his employment with Defendants, Plaintiff performed his duties satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendants.

97. Defendants TROPICANA FLEA MARKET, CLA SECURITY, and LILLIAN V. VAZQUEZ knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Florida Minimum Wage Act and remains owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above

98. Defendants' conduct in response to protected activity violated The Florida Minimum Wage Act, Florida Title XXXI, Chapter 448.109 (3) (a). As a result of Defendants unlawful and retaliatory conduct as described above, Plaintiff suffered substantial damages.

99. Plaintiff seeks to recover for unpaid wages accumulated from the date of hiring to his last day of employment with Defendants.

100. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff JOSE GALINDO requests that this Honorable Court:

A. Enter judgment for Plaintiff JOSE GALINDO and against the Defendants

TROPICANA FLEA MARKET, CLA SECURITY, and LILLIAN V. VAZQUEZ on the basis of Defendants' willful violations of the Florida Minimum Wage Act; and

B. Injunctive relief against Defendants prohibiting Defendants from further violations of the Florida Minimum Wage Act as described above;

C. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages compensation for all the hours worked during his employment with Defendants with interest; and

D. Award Plaintiff an equal amount in double damages/liquidated damages; and

E. Award Plaintiff reasonable attorneys' fees and costs of suit pursuant to Section 448.08 of the Florida Statutes.

F. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to State Law.

JURY DEMAND

Plaintiff JOSE GALINDO demands trial by jury of all issues triable as of right by jury.

DATED: April 01, 2014

Respectfully submitted,

By: **_/s/ Zandro E. Palma_____**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
3100 South Dixie Highway
Suite 202
Miami, FL 33133
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*